NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| DEBORAH LAUFER, | : | |
| Plaintiff, | : | |
| | : | Civil No. 20-5648 (RBK/KMW) |
| v. | : | |
| | : | **OPINION** |
| AARK HOSPITALITY HOLDING, LLC, | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge

This matter comes before the Court on Plaintiff's motion for Default Judgment (Doc. No. 8). The motion is unopposed. For the reasons set forth below, Plaintiff's motion is **DENIED.**

I.   BACKGROUND

   A.  Factual Background

Plaintiff Deborah Laufer ("Ms. Laufer"), a native of Florida and disabled within the meaning of the American with Disabilities Act, is an advocate for similarly situated disabled persons and "tester" for purposes of asserting her civil rights. (Doc. No. 1, Compl. at ¶¶ 1–2). She has limited use of her hands and cannot walk more than a few steps without the aid of a cane or wheelchair. (*Id.* at ¶ 1). She relies primarily on a wheelchair when traveling beyond the comfort of her own home. (*Id.*). Because of these limitations, Ms. Laufer has certain accessibility needs she looks for when traveling. For instance, she requires accessible handicap parking spaces that are located closest to the entrance of a facility and the spaces must be of a sufficient width so that she can embark and disembark from a ramp into her vehicle. (*Id.*). Ms. Laufer must also use

sinks of a proper height so that she can put her legs underneath to wash her hands. (*Id.*). However, she is hesitant to use sinks that have unwrapped pipes because they pose a danger of scraping or burning her legs. (*Id.*). Similarly, she needs grab bars both behind and beside a commode so that she can safely transfer. (*Id.*).

Defendant Aark Hospitality ("Aark Hospitality"), an L.L.C. formed in New Jersey, owns and operates lodging known as Crystal Inn & Suites located in Absecon, New Jersey. (*Id.* at ¶ 3). Defendant's lodging qualifies as a place of public accommodation within the meaning of the ADA. (*Id.*). As the owner of this lodging, Defendant is required to comply with the ADA and its regulations, including 28 C.F.R. § 36.302(e)(1) which provides in pertinent part:

> A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(*Id.* at ¶¶ 6–7). 28 C.F.R. § 36.302(e)(1)(i) and (ii). Defendant, either by itself or through a third party, maintains online reservation systems for customers to book rooms on the websites hotels.com, expedia.com, and orbitz.com. (*Id.* at ¶ 9).

In April of 2020, Ms. Laufer visited the websites maintained by Defendant Aark Hospitality to determine whether its accessibility features complied with ADA regulations and met her accessibility needs. (*Id.* at ¶ 10). However, she was unable to assess whether Defendant's lodging met her accessibility needs or complied with ADA regulations because the websites did not allow for reservation of accessible guest rooms nor provide sufficient information regarding accessibility at the lodging. (*Id.*). In the near future, Ms. Laufer intends to revisit these websites

to determine whether they comply with ADA regulations and to reserve a guest room so she can avail herself of the accommodations offered by Crystal Inn & Suites. (*Id.* at ¶ 11).

As a result of the websites' deficiencies, Plaintiff maintains Defendant failed to comply with ADA regulation 28 C.F.R. § 36.302(e) and seeks a declaratory judgment that Defendant is in violation of Title III of the American with Disabilities Act, injunctive relief requiring Defendant to revise its websites to comply with 28 C.F.R. § 36.302(e), and attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205. (*Id.* at ¶¶ 19–20).

### B. Procedural History

Plaintiff filed her complaint against Defendant Aark Hospitality on May 7, 2020. (Doc. No. 1). Subsequently, on May 18, 2020, Defendant was served with a copy of the summons and complaint. (Doc. No. 3). Defendant was required to answer, move, or otherwise respond to Plaintiff's complaint by June 8, 2020. (Doc. No. 3). Defendant did not do so. As a result, Plaintiff requested an entry of default by the Clerk of the Court on June 27, 2020. (Doc. No. 4). Plaintiff's request for entry of default was denied without prejudice for failing to comply with Local Civil Rule 7.1. (Doc. No. 6). Plaintiff refiled a request for entry of default by the Clerk on August 24, 2020 and it was granted one day later, August 25, 2020. (Doc. No. 7-8). Plaintiff now moves for entry of default judgment against Defendant Aark Hospitality. (Doc. No. 8).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) allows a Court, upon a plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535–36 (D.N.J. 2008) (citing *Comdyne I,*

*Inc. v. Corbin*, 908 F.2d 1142, 1146 (3d Cir. 1990)). The Court also does not adopt a plaintiff's legal conclusions because whether the facts set forth an actionable claim is for the Court to decide. *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

While the decision to enter default judgment is left principally to the discretion of the district court, there is a well-established preference in the Third Circuit for cases to be decided on the merits rather than by default judgment whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984). Consequently, the Court must address a number of issues before deciding whether a default judgment is warranted in the instant case. If the Court finds default judgment to be appropriate, the next step is for the Court to determine a proper award of damages. *Slaughter v. Moya*, No. 17-6767, 2018 WL 3742622, at *1 (D.N.J. Aug. 7, 2018).

### III. DISCUSSION

#### A. The Court's Jurisdiction

First, the Court must determine whether it has subject-matter jurisdiction over the plaintiff's cause of action and whether it may exercise personal jurisdiction over the defendant. *U.S. Life Ins. Co. in N.Y.C. v. Romash*, No. 09-3510, 2010 WL 2400163, at *1 (D.N.J. June 9, 2010). This is to prevent issuance of a void judgment and a collateral attack. *See id. citing Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03(10th Cir. 1986).

This Court has subject-matter jurisdiction. A federal question is presented on the face of Plaintiff's well pleaded complaint because she alleges a cause of action under 42 U.S.C. § 12182(a) of the American with Disabilities Act. Therefore, this Court has subject matter jurisdiction pursuant to § 1331.

Turning to personal jurisdiction, New Jersey's long-arm statute permits the exercise of personal jurisdiction to the fullest extent possible under the Due Process Clause. *IMO Indus., Inc.*

*v. Kiekert*, AG, 155 F.3d 254, 259 (3d Cir. 1998); *Carteret Sav. Bank, FA v. Shusham*, 954 F.2d 141, 145 (3d Cir. 1992) (citing N.J. Ct. R. 4:4–4(c)). Consequently, the Court may exercise personal jurisdiction over Defendant Aark Hospitality because its limited liability company was formed in New Jersey. *See Daimler AG v. Bauman*, 571 U.S. 117 (2014) (holding that corporations "may be sued on any and all claims" in their state of incorporation and the state in which in their principal place of business is located); *see also Am. Guarantee & Liab. Ins. Co. v. Arch Ins. Co.*, No. CV 17-582, 2017 WL 4842413, at *6 (W.D. Pa. Oct. 26, 2017) (noting the reasoning of *Daimler* applies with equal force to LLCs).

    **B. Entry of Default**

Second, the Court must ensure that the entry of default under Rule 55(a) was appropriate. Rule 55(a) directs the Clerk of the Court to enter a party's default when the party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Here, Plaintiff certified service of Defendants on May 18, 2020. (Doc. No. 3). Defendants have made no attempt to answer or defend this action. Thus, the Clerk properly issued the entry of default under Rule 55(a) on August 25, 2020.

    **C. Fitness of Defendant**

Third, the Court must confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C.A. § 3931. Section 3931(b)(1) requires Plaintiff to file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit" before the Court can enter default judgment for the plaintiff. However, neither of these requirements apply to Defendant Aark Hospitality because it is a limited liability company. Thus, Aark Hospitality is fit for default judgment.

### D. Plaintiff's Cause of Action

Fourth, the Court must determine whether Plaintiff's complaint states a proper cause of action against Defendant. The Court should accept well-pleaded factual allegations as true while disregarding mere legal conclusions. *DirecTV v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006). To state a claim under the American with Disabilities Act, a plaintiff must allege: (1) she was discriminated against on the basis of a disability; (2) in the full enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; (3) by any person who owns or operates a place of public accommodation. 42 U.S.C. 12182(a); *see also Bowers v. NCAA*, 118 F.Supp. 2d 494, 514 (D.N.J. 2000). Additionally, where a plaintiff is seeking injunctive relief, as has occurred in this matter, to establish standing the plaintiff must show that there is a real and immediate threat of future injury. *Doe v. Nat'l Bd. of Med. Examiners*, 210 F. App'x 157, 160 (3d Cir. 2006). Thus, as a threshold matter, before we can determine whether Plaintiff's complaint states a proper cause of action under the ADA, we must first determine whether Plaintiff has standing.

### i. Standing

Under Article III of the United States Constitution, the power of the judiciary is limited to "[c]ases" and "[c]ontroversies." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). The standing doctrine defines a justiciable "case" or "controversy." *Id.* To satisfy Article III standing, a plaintiff must demonstrate he/she has (1) suffered an injury in fact (2) that is fairly traceable to the defendant's challenged action; and (3) is likely to be redressed by a favorable judicial decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

6

The first element, "injury in fact," requires the plaintiff to show "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotations omitted). To be concrete the injury must be real and not abstract. *Spokeo*, 136 S. Ct. at 1548. Consequently, a bare procedural violation of a statute or regulation is insufficient to satisfy the injury in fact requirement. *Id.* at 1549; *see also Mielo v. Steak'n Shake Operations*, Inc., 897 F.3d 467, 479 (3d Cir. 2018) (noting that a defendant's failure to have an ADA compliance policy is not enough by itself to establish concrete injury).

In *Alberto Hernandez v. Caesars License Company d/b/a Harrah's Resort Atlantic City*, this very Court held the plaintiff lacked standing to pursue his ADA claim, which was premised on a violation of 28 C.F.R. § 36.302(e)(1), because he could not establish a concrete injury in fact. 2019 U.S. Dist. LEXIS 172456, 2019 WL 4894501 at *3 (D.N.J. October 4, 2019). The plaintiff, a Florida resident and "tester," visited a website owned and operated by Harrah's to test it for ADA compliance but could not verify whether it met his accessibility needs because the website did not contain sufficient information about a number of accessible features. *Id.* at *1. He brought a claim under the ADA alleging the website violated 28 C.F.R. § 36.302(e)(1)(ii). *Id.* We found that the plaintiff's alleged harm, the non-disclosure of accessibility information, could conceivably harm a person with disabilities if that person was actually looking for a place to stay in Atlantic City. *Id.* at *3. However, because the plaintiff had no intent on staying at Harrah's, and only visited the website for the purpose of testing its compliance with the ADA, he could not show any harm stemming from the non-disclosure of information and therefore had no concrete injury. *Id.* Thus, we concluded the plaintiff's alleged injured was insufficient for purposes of standing.

This case is different but still fails for want of standing. Plaintiff has alleged that "[in] the near future, plaintiff intends to . . . utilize the websites to reserve a guest room and otherwise avail herself of the . . . accommodations of the [p]roperty." (Doc. No. 1 at ¶ 11). Thus, unlike the plaintiff in *Alberto Hernandez*, the Plaintiff here alleges an intent to stay at Defendant's lodging. This is sufficient to move Plaintiff's alleged harm outside the scope of an informational injury and within the ambit of a deprivation of rights injury. In other words, Plaintiff can show harm stemming from Defendant's non-disclosure of information because it impeded her ability to make an informed decision whether she could book a room at Defendant's lodging.

This is not the end of the matter, however. In addition to meeting the three basic requirements for standing, Plaintiff must also "meet[ ] the preconditions for asserting an injunctive claim in a federal forum." *Doe v. Nat'l Bd. of Med. Examiners*, 210 F. App'x 157, 160 (3d Cir. 2006) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). To establish standing in an action for injunctive relief, a plaintiff must show that he or she is likely to suffer future injury from the defendant's illegal conduct. Past illegal conduct is insufficient to warrant injunctive relief unless it is accompanied by "continuing, present adverse effects." *Lyons*, 461 U.S. at 102 (citing *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)). Vague "some day" allegations are also insufficient to establish standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

Plaintiff's only allegation of future injury—one that distinguished her from the plaintiff in *Alberto Hernandez* but now dooms her claim of future injury—reads: "[in] the near future, plaintiff intends to . . . utilize the websites to reserve a guest room and otherwise avail herself of the . . . accommodations of the [p]roperty." This is a "some day" allegation. It is conclusory and vague and does not provide enough factual context to create the reasonable inference that

8

Plaintiff intended to return to the website to check for compliance or to book a room and use Defendant's services. *Kennedy v. Floridian Hotel, Inc.*, No. 1:18-CV-20839-UU, 2018 WL 10601977, at *9–*10. (S.D. Fla. Dec. 7, 2018) (denying a plaintiff's motion for summary judgment, and dismissing her claim for lack of standing, where she alleged that she would visit the defendant's website in the future as a tester but had "no record of the [many] websites she has sued" and "no system or routine to revisit" those websites); *Laufer v. Laxmi & Sons, LLC*, No. 119CV1501BKSML, 2020 WL 6940734, at *18 (N.D.N.Y. Nov. 19, 2020) (concluding the allegations in the amended complaint were sufficient to create a reasonable inference that the plaintiff intended to return to the website to check for compliance and to visit the area because she described her system for rechecking the websites of the hotels she sued and alleged she visited her family frequently in New York); *Strojnik v. Landry's Inc.*, No. 4:19-CV-01170, 2019 WL 7461681, at *5 (S.D. Tex. Dec. 9, 2019), report and recommendation adopted sub nom. *Strojnik v. Landry's*, No. 4:19-CV-1170, 2020 WL 42454 (S.D. Tex. Jan. 2, 2020) (finding there was not a showing of a plausible intent to return to the hotel or its website despite a vague allegation stating as such because the plaintiff did not allege why he was intending to visit the hotel, had not visited the website since his original encounter, and did not allege any concrete plans to visit the website or travel to the hotel). Ultimately, Plaintiff's vague and indeterminate allegation that "in the near future," she will visit Defendant's website and otherwise avail herself of the accommodations offered is insufficient to establish an "actual or imminent injury" because there are no facts to make this allegation plausible. Accordingly, Plaintiff has not established Article III standing.

**IV.    CONCLUSION**

For the reasons stated above, Plaintiff's motion for Default Judgment is **DENIED** without prejudice. An order shall follow.


Dated: 2/10/2021                                    s/ Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                    United States District Judge