NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DEBORAH LAUFER, | : |
| Plaintiff, | : |
| | : Civil No. 20-5648 (RBK/AMD) |
| v. | : |
| | : **OPINION** |
| AARK HOSPITALITY HOLDING, LLC, | : |
| Defendant. | : |

**KUGLER**, United States District Judge

This matter comes before the Court on Plaintiff Deborah Laufer's Motion for Default Judgment (ECF No. 14). For the reasons set forth below, Plaintiff's motion is **DENIED without prejudice**.

**I.    BACKGROUND**

**A.  Factual Background**

Plaintiff Deborah Laufer ("Ms. Laufer" or "Plaintiff" or "Plaintiff Laufer"), a native of Florida and disabled within the meaning of the American with Disabilities Act ("ADA"), is an advocate for similarly situated disabled persons and "tester" for purposes of asserting her civil rights. (ECF No. 11, Am. Compl. ¶¶ 1–2). She has limited use of her hands and cannot walk more than a few steps without the aid of a cane or wheelchair. (*Id.* ¶ 1). She relies primarily on a wheelchair when traveling beyond the comfort of her own home. (*Id.*). Because of these limitations, Ms. Laufer has certain accessibility needs she looks for when traveling. For instance, she requires accessible handicap parking spaces that are located closest to the entrance of a facility and the spaces must be of a sufficient width so that she can embark and disembark from a

1

ramp into her vehicle. (*Id.*). Ms. Laufer must also use sinks of a proper height so that she can put her legs underneath to wash her hands. (*Id.*). However, she is hesitant to use sinks that have unwrapped pipes because they pose a danger of scraping or burning her legs. (*Id.*). Similarly, she needs grab bars both behind and beside a commode so that she can safely transfer. (*Id.*).

Defendant Aark Hospitality ("Aark Hospitality"), a limited liability company, owns and operates lodging known as Crystal Inn & Suites located in Absecon, New Jersey. (*Id.* ¶ 3). Defendant's lodging qualifies as a place of public accommodation within the meaning of the ADA. (*Id.*). As the owner of this lodging, Defendant is required to comply with the ADA and its regulations, including 28 C.F.R. § 36.302(e)(1) which provides in pertinent part:

> A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(*Id.* ¶¶ 6–8); 28 C.F.R. § 36.302(e)(1). Defendant, either by itself or through a third party, maintains online reservations systems for customers to book rooms on websites located at: hotels.com, expedia.com, and orbitz.com ("subject websites" or "websites"). (*Id.* ¶ 9). These websites are subject to the requirements of 28 C.F.R. § 36.302(e). (*Id.*).

In April 2020, prior to filing the initial complaint, Plaintiff visited the websites maintained by Defendant Aark Hospitality to determine whether its accessibility features complied with ADA regulations and met her accessibility needs. (*Id.* ¶ 11). However, she was unable to assess whether Defendant's lodging met her accessibility needs or complied with ADA

regulations because the websites did not allow for reservation of accessible guest rooms nor provided sufficient information about room accessibility at Defendant's property. (*Id.*). In June 2020, Plaintiff revisited Defendant's online reservations systems to compare hotels and ascertain where she would be able to stay during an upcoming trip. (Supp. Compl. ¶ 14). In July 2020, Plaintiff traveled to multiple states with her granddaughter, including New Jersey. (*Id.*). She traveled through New Jersey, including to area of Defendant's hotel. (*Id.*).

Plaintiff intends to travel again up the East Coast from Florida to Maine in December 2022. (*Id.* ¶ 16). Plaintiff asserts that this trip "will include travel through the area of Defendant's hotel." (*Id.*). To prepare for this trip, Ms. Laufer intends to "again review Defendant's [online reservations system] on or before that time to ascertain whether or not she will be able to stay at this hotel and to compare it to other area hotels in order to make a meaningful decision." (*Id.*). Plaintiff states that she is "continuously aware" that the subject websites are non-compliant with the ADA. (*Id.* ¶ 17).

As a result of the subject websites' deficiencies, Plaintiff maintains Defendant failed to comply with ADA regulation 28 C.F.R. § 36.302(e) and seeks a declaratory judgment that Defendant is in violation of Title III of the American with Disabilities Act, injunctive relief requiring Defendant to revise its websites to comply with 28 C.F.R. § 36.302(e), and attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205. (Am. Compl. 9–10).

### B. Procedural History

Plaintiff filed a complaint against Defendant Aark Hospitality on May 7, 2020. (ECF No. 1). Defendant failed to timely answer, move, or otherwise respond to Plaintiff's Complaint. (ECF No. 3). As a result, Plaintiff requested an entry of default by the Clerk of the Court, (ECF No. 4), which was initially denied for failure to comply with Local Rule 7.1, (ECF No. 6), but later

granted. (ECF No. 7). Plaintiff then moved for default judgment against Defendant Aark Hospitality on August 25, 2020. (ECF No. 8). The Court denied Plaintiff's motion on February 10, 2021, finding that Plaintiff lacked standing under Article III. (ECF No. 9).

Plaintiff then filed an Amended Complaint in this matter on February 11, 2021. (ECF No. 11, "Am. Compl."). Defendant was required to answer, move, or otherwise respond to Plaintiff's Amended Complaint by March 4, 2021. (*Id.*). Defendant again failed to do so. Plaintiff requested an entry of default by the Clerk of the Court on March 16, 2021. (ECF No. 13). The Clerk entered default on March 17, 2021. On March 18, 2021, Plaintiff moved for default judgment against Defendant Aark Hospitality. (ECF No. 14). On December 9, 2021, Plaintiff filed a Supplemental Complaint. (ECF No. 20, "Supp. Compl.").

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) allows a Court, upon a plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535–36 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1146 (3d Cir. 1990)). The Court does not adopt a plaintiff's legal conclusions. *Id.*; *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

While the decision to enter default judgment is left principally to the discretion of the district court, there is a well-established preference in the Third Circuit for cases to be decided on the merits rather than by default judgment whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984). Consequently, the Court must address a number of issues before deciding whether a default judgment is warranted in the instant case. If the Court finds

default judgment to be appropriate, the next step is for the Court to determine a proper award of damages. *Slaughter v. Moya*, No. 17-6767, 2018 WL 3742622, at *1 (D.N.J. Aug. 7, 2018).

### III. DISCUSSION[1]

#### A. The Court's Jurisdiction

First, the Court must determine whether it has subject-matter jurisdiction over the plaintiff's cause of action and whether it may exercise personal jurisdiction over the defendant. *U.S. Life Ins. Co. in N.Y.C. v. Romash*, No. 09-3510, 2010 WL 2400163, at *1 (D.N.J. June 9, 2010).

As we have previously determined, this Court has subject-matter jurisdiction over the instant matter. A federal question is presented on the face of Plaintiff's well-pleaded complaint as she alleges a cause of action under 42 U.S.C. § 12182(a) of the American with Disabilities Act. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

As to personal jurisdiction, New Jersey's long-arm statute permits the exercise of personal jurisdiction to the fullest extent possible under the Due Process Clause. *IMO Indus., Inc. v. Kiekert*, AG, 155 F.3d 254, 259 (3d Cir. 1998); *Carteret Sav. Bank, FA v. Shusham*, 954 F.2d 141, 145 (3d Cir. 1992) (citing N.J. Ct. R. 4:4–4(c)). Consequently, the Court may exercise personal jurisdiction over Defendant Aark Hospitality as limited liability company formed in New Jersey. *See Daimler AG v. Bauman*, 571 U.S. 117 (2014); *see also Am. Guarantee & Liab. Ins. Co. v. Arch Ins. Co.*, No. 17-582, 2017 WL 4842413, at *6 (W.D. Pa. Oct. 26, 2017) (noting the reasoning of *Daimler* applies with equal force to LLCs).

#### B. Entry of Default

Second, the Court must ensure that the entry of default under Rule 55(a) was appropriate.

---

[1] In ruling on Plaintiff's Motion for Default Judgment, we look to both the Amended and Supplemental Complaints. (ECF Nos. 14, 20).

5

Rule 55(a) directs the Clerk of the Court to enter a party's default when the party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Here, , Plaintiff's counsel certified that he had served the Amended Complaint on Defendants via United States mail on February 11, 2021. (ECF No. 12). We find that service of the Amended Complaint in this manner was proper under Federal Rules of Civil Procedure 5(a)(1)(B) and 5(b)(2)(C).[2] Defendant has made no attempt to answer or defend this action. Thus, the Clerk properly issued the entry of default under Rule 55(a) on March 17, 2021.

Plaintiff filed a Supplemental Complaint on December 9, 2021, (ECF No. 20), which she served on Defendant via United States Mail that same day, (ECF No. 20-1). We note, however, that Plaintiff was not required to serve Supplemental Complaint on Defendant. Pursuant to Federal Rule of Civil Procedure 5(a)(2), "no service is required on a party who is in default for failing to appear…." *See Blair v. City of Worcester*, 522 F.3d 105, 109 (1st Cir. 2008) ("[T]he amended complaint did not … contain a new claim for relief, and therefore did not require service under Rule 5(a)(2)."); *Fontanez v. Hicks*, No. 20-20286, 2021 WL 1608902, at *4 (D.N.J. Apr. 23, 2021).

Though the filing of an amended complaint pursuant to Rule 15(a) will generally moot a pre-existing entry of default and motion for default judgment, *see United States v. MyCek*, No. 19-14115, 2020 WL 7408061, at *1 (D.N.J. Nov. 20, 2020); *Auto. Rentals, Inc. v. Bama Com. Leasing LLC*, No. 17-3877, 2018 WL 3159852, at *1 (D.N.J. Mar. 9, 2018), we find that the filing of a supplemental complaint pursuant to Rule 15(d) does not do so. This is because, unlike an amended complaint, "[a] supplemental pleading adds post-complaint events to the operative

---

[2] It is likely that service of the Amended Complaint was not required at all under Fed. R. Civ. P. 5(a)(2).

pleading and does not supersede it." *Korb v. Haystings*, 860 F. App'x 222, 226 n.5 (3d Cir. 2021) (explaining the distinction between an amended and supplemental pleading). As such, the Amended Complaint remains the operative complaint in this matter, (ECF No. 11), supplemented by the Supplemental Complaint, (ECF No. 20). Accordingly, the Court may properly decide Plaintiff's pending Motion for Default Judgment.

### C. Fitness of Defendant

Third, the Court must confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. § 3931. Section 3931(b)(1) requires Plaintiff to file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit" before the Court can enter default judgment for the plaintiff. However, neither of these requirements apply to Defendant Aark Hospitality because it is a limited liability company. Thus, Aark Hospitality is fit for default judgment.

### D. Plaintiff's Cause of Action

Fourth, the Court must determine whether Plaintiff's complaint states a proper cause of action against Defendant. The Court should accept well-pleaded factual allegations as true while disregarding legal conclusions. *DirecTV v. Asher*, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006). To state a claim under Title III of the ADA, a plaintiff must allege: (1) she was discriminated against on the basis of a disability; (2) in the full enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; (3) by any person who owns or operates a place of public accommodation. 42 U.S.C. 12182(a); *see also Bowers v. NCAA*, 118 F. Supp. 2d 494, 514 (D.N.J. 2000). An "inn, hotel, motel, or other place of lodging" is considered a place of public accommodation. 42 U.S.C § 12181(7)(A).

Additionally, where a plaintiff is seeking injunctive relief, as in this matter, the plaintiff must show that there is a real and immediate threat of future injury to establish standing under Article III. *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 223 (3d Cir. 2012); *Doe v. Nat'l Bd. of Med. Examiners*, 210 F. App'x 157, 160 (3d Cir. 2006). Thus, as a threshold matter, we must determine whether Plaintiff has standing.

### i. Standing

Under Article III of the United States Constitution, the power of the judiciary is limited to "[c]ases" and "[c]ontroversies." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). The standing doctrine defines a justiciable "case" or "controversy." *Id.* To satisfy Article III standing, a plaintiff must demonstrate he/she has (1) suffered an injury in fact (2) that is fairly traceable to the defendant's challenged action; and (3) is likely to be redressed by a favorable judicial decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The first element, "injury in fact," requires the plaintiff to show an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Id.* (internal citations and quotations omitted).

In addition, "[w]here, as here, a plaintiff seeks prospective injunctive relief, 'plaintiff must show that he is likely to suffer future injury from the defendant's conduct' to meet the injury-in-fact requirement." *Indep. Project, Inc. v. Shore Point Plaza, LLC*, No. 18-15048, 2020 WL 6363714, at *2 (D.N.J. Oct. 29, 2020) (quoting *McNair*, 672 F.3d at 223) (citation and quotation marks omitted). Past illegal conduct is insufficient to warrant injunctive relief unless it is accompanied by "continuing, present adverse effects." *City of Los Angeles v. Lyons*, 461 U.S.

8

95, 102 (1983) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974)). Vague "some day" allegations are insufficient to establish standing. *Lujan*, 504 U.S. at 560–61.

In a recent factually similar case, Judge Thompson noted that,

> Courts in this district have consider[ed] four factors when determining whether a threat of future injury is 'real and immediate' in the ADA context: (1) the plaintiff's proximity to the place of public accommodation; (2) the plaintiff's past patronage; (3) definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel.

*Sarwar v. L.S.K., Inc.*, No. CIV. 20-15683, 2021 WL 4317161, at *2 (D.N.J. Sept. 23, 2021) (citing *Sarwar v. Gopinathjee LLC*, 2021 WL 3163971, *4 (D.N.J. July 27, 2021)); *see also Breeze v. Haiban Inn LLC*, No. CV 20-6837, 2021 WL 5567490, at *2 (D.N.J. Nov. 29, 2021). Other district courts in this Circuit have referred to these factors as the "intent to return" test. *See, e.g.*, *Mahoney v. Waldameer Park, Inc.*, No. CV 20-3960, 2021 WL 1193240, at *4 (E.D. Pa. Mar. 30, 2021).

As we found previously, Plaintiff has plead a concrete and particularized past injury. (ECF No. 9); *see also Laufer v. Buena Motel Corp*, No. 120CV06438, 2021 WL 2802214, at *3 (D.N.J. July 6, 2021) (finding that this plaintiff's substantially similar allegations "satisfie[d] the 'concrete and particularized' prong of the injury-in-fact requirement"). Now, as before, Plaintiff can show harm flowing from Defendant's non-disclosure of information on its online reservations systems located at hotels.com, expedia.com, and orbitz.com because the lack of information impeded her ability to make an informed decision whether she could book a room at Defendant's lodging as well as her ability to actually book an accessible room at the property.[3]

---

[3] In her Supplemental Complaint, Plaintiff alleges that Defendant's online reservations systems operated through Reservationcounter.com, Reservations.com, Crystal-inn-suites-atlantic-city-absecon-galloway.booked.net, Hotels-rates.com and Agoda also fail to provide the necessary accessibility information. (Supp. Compl. ¶ 15). Plaintiff has not provided sufficient facts to demonstrate that she previously visited these webpages when planning for her July 2020 trip, and therefore cannot show that she experienced a concrete past injury with respect to these websites. Any claim with respect to these websites thus fails for want of standing.

Unlike in her original Complaint, however, Plaintiff's Amended Complaint now also demonstrates a "real and immediate" threat of future injury. When applying the "intent to return" test in one of Plaintiff Laufer's similar cases in this district, Judge Hillman noted,

> Since Plaintiff has not previously been to the property these [intent to return] factors do not directly map on to the present case; however, she alleges that she intends to avail herself of the accommodations of the property and therefore the factors can be useful in demonstrating the plausibility of Plaintiff's return to the websites for this purpose and thus the likelihood that she will suffer future harm. [4]

*Buena Motel Corp*, 2021 WL 2802214, at *4. We agree, and will therefore proceed to evaluate Plaintiff's claims under the intent to return test.

Considering the first factor, we find the fact that Plaintiff resides in Florida, (Am. Compl. ¶ 1), cuts against a finding that future injury is likely to occur, *see Disabled Patriots of Am., Inc. v. City of Trenton*, No. 07 CV 3165, 2008 WL 4416459, at *4 (D.N.J. Sept. 24, 2008) ("[C]ourts have consistently maintained that a distance of over 100 miles weighs against finding a reasonable likelihood of future harm." (citation omitted)). The second factor is mixed; while Plaintiff has not alleged to have visited Defendant's property previously, she does allege that she visited the subject websites on at least two separate occasions in 2020, each time seeking to avail herself of Defendant's lodging accommodations. (Supp. Compl. ¶¶ 12, 14). As to the fourth factor, which is less applicable in the context of this lawsuit, Plaintiff alleges that she traveled through New Jersey on a multi-state trip in July 2020 that included the area of Defendant's hotel. (*Id.* ¶ 14). Additionally, Plaintiff vaguely asserts that she has "driven from Florida to New York

---

[4] The Court notes that for purposes of this motion, the place of public accommodation is the Crystal Inn & Suites, not the website. *See Peoples v. Discover Fin. Servs., Inc.*, 387 F. App'x 179, 184 (3d Cir. 2010); *Walker v. Sam's Oyster House*, LLC, No. CV 18-193, 2018 WL 4466076, at *3 (E.D. Pa. Sept. 18, 2018) (noting that for purposes of the intent to return analysis the "place of public accommodation" is defendant's restaurant, not the website). The websites provide patrons with the ability to reserve rooms, however, and thus is subject to the ADA's requirements because there is a sufficient nexus to Crystal Inn's physical location.

10

on numerous occasions, including traveling through New Jersey….." (*Id.* ¶ 11). Both facts are relevant, but not dispositive. On balance, factors two and four are neutral.

However, it is generally the third intent to return factor—the definitiveness of the plaintiff's plan to return—that "holds the most weight" in a standing analysis. *Sarwar v. Gopinathjee LLC*, No. 120CV15724, 2021 WL 3163971, at *4 (D.N.J. July 27, 2021) (finding the third intent to return factor to be "determinative" in a similar case involving a Title III website claim); *see also L.S.K., Inc.*, 2021 WL 4317161, at *3 (same). In contrast to her previous Complaint[5], Plaintiff asserts a concrete, plausible plan to revisit the subject websites "to ascertain whether or not she will be able to stay at [Defendant's] hotel" in preparation for another multi-state trip in December 2022, specifying that she "intends to travel again from Florida along the East Coast to Maine and New York and across to such states as Illinois and Wisconsin …. includ[ing] travel through the area of Defendant's hotel." (Supp. Compl. ¶ 16–17). *Contra Gopinathjee LLC*, 2021 WL 3163971, at *4 ("Plaintiff has not been to the property and has not sufficiently alleged concrete plans to go to the property, undermining his conclusory allegation that he intends to return to the websites for the purpose of availing himself of the property's accommodations[.]"); *Sarwar v. Bipin-Seth Inc.*, No. 20-CV-12744, 2021 WL 2850455, at *4 (D.N.J. July 8, 2021*)* (concluding that the plaintiff's claim that he would revisit a booking website "as soon as the Covid crisis is over to attempt to find a hotel for an upcoming trip" was a "non-specific someday allegation from which Court is unable to draw a reasonable inference that [the plaintiff] is likely to suffer future harm" (citation and quotation marks omitted)). Further, the fact that Plaintiff took a similar cross-country trip in July 2020 lends credibility to her claim that

---

[5] We rejected Plaintiff's prior motion for default judgment due to a lack of standing, finding Plaintiff's allegation that she would revisit the subject websites "in the near future" was "conclusory and vague and d[id] not provide enough factual context to create the reasonable inference that Plaintiff intended to return to the website to check for compliance or to book a room and use Defendant's services." (ECF No. 9).

she will act on her similar travel plans next year and, in doing so, revisit the subject websites for the stated purposes. *See* (Supp. Compl. ¶ 14) ("In July 2020, Plaintiff did indeed travel from Florida, through Georgia, along a southern route to Colorado, including Texas, then along a northern route all the way to Maine. … She also traveled along the East Coast back to Florida. This included such states as Massachusetts, Rhode Island, New Jersey, Maryland, and D.C.."). These factual allegations create a reasonable inference that Plaintiff faces a "real and immediate" threat of future injury. This is no longer a "some day" allegation that runs afoul of *Lujan*.

However, Plaintiff has still failed to satisfy the second and third elements of Article III standing. As to the second element, Plaintiff has not alleged facts to show that her injury is "fairly traceable" to *Defendant*'s failure to provide accessibility information to the third-party subject websites, as opposed to a failure of the third-party websites to publish such information. "A federal court may 'act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court.'" *Const. Party of Pennsylvania v. Aichele*, 757 F.3d 347, 366 (3d Cir. 2014) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976).

Pursuant to the Department of Justice's ("DOJ") regulation governing reservations at a place of public accommodation, a hotel or place of lodging must:

> Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

28 C.F.R. § 36.302(e)(i), (ii). DOJ guidance on § 36.302(e) clarifies that:

> The rule, both as proposed and as adopted, requires covered public accommodations to ensure that reservations made on their behalf by third parties are made in a manner that results in parity between those who need accessible rooms and those who do not.
>
> Hotels and other places of lodging that use third-party reservations services must make reasonable efforts to make accessible rooms available through at least some of these services and must provide these third-party services with information concerning the accessible features of the hotel and the accessible rooms. *To the extent a hotel or other place of lodging makes available such rooms and information to a third-party reservation provider, but the third party fails to provide the information or rooms to people with disabilities in accordance with this section, the hotel or other place of lodging will not be responsible.*

28 C.F.R. § Pt. 36, App. A (emphasis added).[6]

This precise issue arose in another of Plaintiff Laufer's recent cases, *Laufer v. Patel*. 1:20-CV-631, 2021 WL 796163, at *5 (W.D. Tex. Mar. 2, 2021). In *Patel*, the defendants argued that Plaintiff Laufer lacked standing because she "fail[ed] to show a causal connection between her alleged injuries and Defendants' actions" as "Laufer only alleges that Defendants have violated the ADA by and through third-party booking websites." *Id.* (cleaned up). The district court found that,

> Although the Court is tempted to agree with Laufer that a hotel could be liable for missing information on a third-party website, the Court cannot extend that reasoning to this case because Laufer does not raise the requisite allegations. Laufer does not allege that Defendants (1) failed to 'make reasonable efforts to make accessible rooms available through at least some of these services' or (2) failed to 'provide these third-party services with information concerning the accessible features of the hotel and the accessible rooms.' Therefore, Laufer has failed to allege facts that could potentially show that the information on third-party websites was fairly traceable to Defendants.

---

[6] Pursuant to this DOJ guidance, district courts have also found that plaintiffs have not stated a claim under Title III where the plaintiff made no specific allegation that a defendant hotel failed to provide sufficient accessibility information to a third-party website. *See Kennedy v. Kabir Pramukh Macomb Hosp. LLC*, No. 120CV01134S, 2021 WL 4494273, at *3 (C.D. Ill. Sept. 30, 2021) (denying a motion for default judgment because "Plaintiff makes no allegation that Defendant failed to make reasonable efforts to provide the third-party websites information about accessibility or that the lack of information is otherwise attributable to Defendant"); *Arroyo v. JWMFE Anaheim, LLC*, No. SACV2100014C, 2021 WL 936018, at *2 (C.D. Cal. Feb. 16, 2021), appeal dismissed, No. 21-55237, 2021 WL 2425300 (9th Cir. June 14, 2021) (finding that a plaintiff failed to state a claim where "[n]othing in Plaintiff's Complaint suggests that the alleged deficiencies on Expedia's website was due to Defendant's failure to make information available to Expedia.").

*Id.* (internal citation omitted).

We find that the *Patel* court's reasoning applies with equal force here. As in *Patel*, Plaintiff makes no allegations that her injury was caused by Defendant's failure to provide adequate information about the accessibility of rooms at its property to the subject websites and or to make accessible rooms available on those platforms. Plaintiff only includes a general, conclusory allegation that she was harmed because Defendant failed to comply with the ADA. (Am. Compl. ¶ 11); (Supp. Compl. ¶ 12) ("[Plaintiff] intended to compare the accessible features of this hotel with others to determine which hotel she can stay in during her trip to the area. However, Plaintiff was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. § 36.302(e)."). Without more, we find that Plaintiff has failed to allege a sufficient causal link between her injury and Defendant Aark Hospitality's conduct, and thus failed to satisfy the "fairly traceable" requirement of Article III standing.

As such, Plaintiff also cannot demonstrate that her injury is likely to be redressed by a judicial decision ordering Defendant to comply with the ADA and associated regulations. *But see Buena Motel Corp*, 2021 WL 2802214, at *3 ("[T]his Court has no difficulty in finding that [Ms. Laufer] has demonstrated the traceability and redressability elements of Article III standing[.]"). Accordingly, Plaintiff has not established standing under Article III.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment (ECF No. 14) is **DENIED without prejudice**. An Order shall issue.

Dated: 12/21/2021                                        /s/Robert B. Kugler
                                                                ROBERT B. KUGLER
                                                                United States District Judge