UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DEBORAH LAUFER, Individually, :
:
      Plaintiffs, :
:
v. : Case No. 1:20-cv-05648-RBK-KMW
:
AARK HOSPITALITY HOLDING, LLC, A New :
Jersey Corporation, :
:
      Defendant. :
_____/ :
:
:

### AMENDED SUPPLEMENTAL COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, DEBORAH LAUFER, Individually, on her behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, AARK HOSPITALITY HOLDING, LLC, A New Jersey Corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff is a resident of Pasco County, Florida, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, Plaintiff is bound to ambulate in a wheelchair or with a cane or other support and has limited use of her hands. She is unable to tightly grasp, pinch and twist of the wrist to operate. When ambulating beyond the comfort of her own home, Plaintiff must primarily rely on a wheelchair. Plaintiff requires accessible handicap parking spaces located closet to the entrances of a facility. The handicap and access aisles

must be of sufficient width so that she can embark and disembark from a ramp into her vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that Plaintiff can reach them. She has difficulty operating door knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. She is hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning her legs. Sinks must be at the proper height so that she can put her legs underneath to wash her hands. She requires grab bars both behind and beside a commode so that she can safely transfer and she has difficulty reaching the flush control if it is on the wrong side. She has difficulty getting through doorways if they lack the proper clearance.

2. Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA.

3. According to the county property records, Defendant owns a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the

|     |     |
| --- | --- |
|     | Defendant owns is a place of lodging known as Crystal Inn & Suites Absecon NJ, 346 E White Horse Pike, Absecon, NJ 08205, and is located in the County of Atlantic, (hereinafter "Property"). |
| 4.  | Venue is properly located in the DISTRICT OF NEW JERSEY because the subject hotel is located in this District. |
| 5.  | Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202. |
| 6.  | As the owner of the subject place of lodging, Defendant is required to comply with the ADA. As such, Defendant is required to ensure that it's place of lodging is in compliance with the standards applicable to places of public accommodation, as set forth in the regulations promulgated by the Department Of Justice. Said regulations are set forth in the Code Of Federal Regulations, the Americans With Disabilities Act Architectural Guidelines ("ADAAGs"), and the 2010 ADA Standards, incorporated by reference into the ADA. These regulations impose requirements pertaining to places of public accommodation, including places of lodging, to ensure that they are accessible to disabled individuals. |
| 7.  | 42 U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public |

|   |   |
|---|---|
|   | accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. |
| 8. | More specifically, 28 C.F.R. Section 36.302(e)(1)(the "Regulation"), promulgated by the Department of Justice pursuant to 42 U.S.C. Section 12182(b)(2)(A)(ii), imposes the following requirement: |

> **Reservations made by places of lodging**. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

|   |   |
|---|---|
| 9. | These regulations became effective March 15, 2012. |
| 10. | Defendant, either itself or by and through a third party, implemented, operates, controls and or maintains websites for the Property which contains an online reservations system. (Hereinafter sometimes "websites", "online reservations system" or "ORS".) Through this ORS, Defendant purposefully avails itself of all states, it reaches out and markets to residents of distant states and engages in |

4

monetary transactions with them in their own homes. This includes Plaintiff's state. The purpose of this ORS is also so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Property. As such, these websites are subject to the requirements of 28 C.F.R. Section 36.302(e).

11. Plaintiff has driven from Florida to New York on numerous occasions, including traveling through New Jersey and has stated in various hotels along the way. From 2019, Plaintiff had plans to drive up the East Coast from Florida to Maine, then westward through northern states to Colorado, then through southern states back to Florida. She would meet with her family in Maine, New York and Colorado. She would be driving with her daughter and grandchild and will be meandering throughout the many states along the journey to see historical, educational and tourist points of interest. This includes the coastal, Atlantic City and Absecon areas. The failure of this hotel to comply with the Regulation deprived her of the information she needed to make a meaningful choice in selecting a hotel in which to stay. Originally, her plan was to travel in the summer of 2020, but was postponed pending an abatement of the Covid crisis.

12. On multiple occasions prior to May 7, 2020, Plaintiff visited the websites for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs. She also intended to compare the accessible features of

this hotel with others to determine which hotel she can stay in during her trip to the area.  However, Plaintiff was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). As a result, Plaintiff was deprived the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public. Defendant was obligated to provide the below referenced third parties with the information required to comply with the Regulation, but failed to do so:

a. The website for the hotel located at orbitz.com did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability at the hotel.

b. The website for the hotel located at expedia.com did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability at the hotel.

c. The website for the hotel located at hotels.com did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability at the hotel.

13. Plaintiff maintains a system to ensure that she revisits the online reservations system of every hotel she sues. By this system, Plaintiff maintains a list of all hotels she has sued with several columns following each. She continually updates this list by, among other things, entering the dates she did visit and plans to again visit the hotel's online reservations system.  With respect to each hotel, she visits the online reservations system multiple times prior to the complaint being filed,

|     | |
| --- | --- |
|     | then visits again shortly after the complaint is filed. Once a judgment is obtained or settlement agreement reached, she records the date by which the hotel's online reservations system must be compliant and revisits when that date arrives. Additionally, as of prior to May 7, 2020, Plaintiff intended to revisit the Defendant's online reservations system as soon as the Covid crisis subsides and it becomes safe to travel so that she could compare the accessible features of this hotel with others in the area and determine which hotel she will stay in. |
| 14. | In June 2020, Plaintiff again reviewed the ORS of every hotel she had sued. That included the ORS for this hotel. This time, her purpose was to compare hotels and ascertain where she would be able to stay during her trip. In July 2020, Plaintiff did indeed travel from Florida, through Georgia, along a southern route to Colorado, including Texas, then along a northern route all the way to Maine. This included such states as Illinois, Michigan, Wisconsin, Ohio, Pennsylvania, New York, Vermont. She also traveled along the East Coast back to Florida. This included such states as Massachusetts, Rhode Island, New Jersey, Maryland, and D.C.. She took her grand daughter with her and meandered throughout every state and visited points of interest everywhere. This included the area of Defendant's hotel. |
| 15. | Defendant's ORS continues to fail to comply with the Regulation.  It's ORS operated through Expedia. Hotels.com, Orbitz, Reservationcounter.com, Reservations.com, Crystal-inn-suites-atlantic-city-absecon-galloway.booked.net, Hotels-rates.com and Agoda continue to fail to identify any accessible rooms or |

|    |    |
|----|----|
|    | allow for booking of the same in the same manner as other rooms and provide insufficient information as to whether any rooms or all the features at the hotel are accessible. The website at Hotels-rates.com indicates that wheelchair accessibility "may have limitations", but no other information is provided. |
| 16. | Plaintiff intends to travel again from Florida along the East Coast to Maine and New York and across to such states as Illinois and Wisconsin in December 2022. This will include travel through the area of Defendant's hotel. Plaintiff will therefore again review Defendant's ORS on or before that time to ascertain whether or not she will be able to stay at this hotel and to compare it to other area hotels in order to make a meaningful decision. |
| 17. | Plaintiff is continuously aware that the subject websites remain non-compliant and that it would be a futile gesture to revisit the websites as long as those violations exist unless she is willing to suffer additional discrimination. |
| 18. | The violations present at Defendant's websites infringe Plaintiff's right to travel free of discrimination and deprive her of the information required to make meaningful choices for travel. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's website. By continuing to operate the websites with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's website, and knowing |

that it would be a futile gesture to return to the websites unless she is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, benefits, services and benefits readily available to the general public. By maintaining a websites with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public. Defendant's online reservations system serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiff, it is thereby more difficult to book a room at the hotel or make an informed decision as to where she can stay.

19. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify its websites to comply with the requirements of the ADA and to continually monitor and ensure that the subject websites remains in compliance.

20. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to these websites. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.

21. The Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the services, privileges, advantages and/or accommodations of the subject website.

22. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

23.     Defendant has discriminated against the Plaintiff by denying her access to full and equal enjoyment of the services, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e).  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

24.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

25.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject websites to make it readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the websites until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

   a.   The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and  28 C.F.R. Section 36.302(e).

b. Injunctive relief against the Defendant including an order to revise its websites to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the websites to ensure that it remains in compliance with said requirement.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

> Respectfully Submitted,
>
> Thomas B. Bacon, P.A.
> 5150 Cottage Farm Rd.
> Johns Creek, GA 30022
> ph. (404) 276-7277
> gillespie.tristan@gmail.com
> NJ Bar ID No. 268064
>
> By: /s/ Tristan W. Gillespie, Esq.
>      Tristan W. Gillespie, Esq.